## Morss v. Manchester and others.

*(Circuit Court, E. D. New York.    September 14, 1887.)*

1. PATENTS FOR INVENTIONS—DRESS-FORMS—INFRINGEMENT.
    Letters patent No. 233,240, issued October 12, 1880, to John Hall, for a new and useful dress-form, to be employed to support and extend a lady's dress while in process of construction, the second claim of which is for a combination, one essential element of which is double braces extending in opposite directions, *held* not to be infringed by the dress-forms made by defendants, as the braces employed in making the latter dress-forms are not of the same length, and do not extend in opposite but in the same direction.

2. SAME—LACK OF INVENTION.
    In letters patent No. 236,887, granted January 25, 1881, to John Hall, for a dress-form to be employed to support and extend a lady's dress while in process of construction, the second claim which is for the combination with the adjustable ribs of a dress-form of a non-elastic band or tape, which is provided with a scale and secured to the ribs, involves no invention, and the patent, so far as said claim is concerned, is void.

In Equity.

*Peabody, Baker & Peabody,* for plaintiff.

*Gifford & Brown,* for defendants.

BENEDICT, J.    This action is founded on two United States patents: one, No. 233,240, granted October 12, 1880; the other, No. 236,887, granted January 25, 1881,—to John Hall. The plaintiff sues as the assignee of Hall. The charge is that the defendants have infringed the second claim of each of the above-mentioned patents by making a dress-form, the description of which is not in dispute. Patent No. 233,240 is for a new and useful dress-form, to be employed to support and extend a lady's dress while in process of construction. The second claim of the patent is as follows: "In combination with the standard, $a$, and ribs, $c$, the double braces, $e$, and sliding blocks, $f^1$ and $f^2$, and rests, $h^1$ and $h^2$, substantially as and for the purpose set forth." This claim is for a combination, one essential element of which is the double braces, which, as the specifications and drawings clearly show, are intended to extend in opposite directions. In the dress-forms complained of, this element

is wanting. The braces employed by the defendants in the dress-forms are not of the same length, and they do not extend in opposite but in the same direction, whereby a substantial advantage is secured, in that a shorter standard may be used. This difference between the two contrivances appears to me to be substantial, and not colorable, and it is not a mere improvement on the plaintiff's combination. The combination of the plaintiff is not employed by the defendants. They use a different combination, and their dress-form is therefore no infringement upon the Hall patent; assuming that patent to be valid, which may be doubted.

The charge of infringing patent No. 236,887 must also fail. The second claim of the patent is as follows: "The combination with the adjustable ribs of a dress-form of a non-elastic band or tape, which is provided with a scale and secured to the ribs, substantially as set forth." If the addition of a non-elastic tape measure in connection with the ribs of a dress-form be admitted to constitute a combination in the legal sense, which I do not believe, such a use of such a measure described in the second claim of the patent in question involved no invention, and the patent, so far as the second claim is concerned, is void.